1997-NMCA-107

946 P.2d 648

**STATE of New Mexico, Petitioner–Appellee,**

v.

**JIMMY R., a child, Respondent–Appellant.**

**No. 18218.**

Court of Appeals of New Mexico.

Aug. 20, 1997.

Certiorari Denied Oct. 10, 1997.

Tom Udall, Attorney General Santa Fe, for Appellee.

T. Glenn Ellington, Chief Public Defender Susan Roth, Assistant Appellate Defender Santa Fe, for Appellant.

**OPINION**

ALARID, Judge.

1. Child appeals from the adjudication that he committed the delinquent act of pos-

session of a handgun, challenging the trial court's denial of his motion to suppress evidence. Child asserts that the police officer's conduct in detaining him and searching him at gunpoint was unreasonable. We review the trial court's decision de novo. *State v. Graves*, 119 N.M. 89, 91, 888 P.2d 971, 973 (Ct.App.1994). We issued a calendar notice proposing to affirm the trial court. Child has responded with a timely memorandum in opposition to our proposed disposition. Not persuaded, we affirm.

## Facts

2. Officer Carpenter of the Hobbs Police Department responded to a call from a concerned citizen that shots were fired by two or three persons in the vicinity of 1000 N. Garden. He saw three juveniles, including Child, in an alley in the vicinity of 1000 N. Garden, but observed no other persons in the area. The juveniles started to walk away when he drove up. The officer drew his gun, ordered the three to the ground, handcuffed them, and searched them. He found a .22-caliber pistol in the Child's waistband.

## I. The officer's investigative detention of the youths was reasonable.

3. We hold that the officer had reasonable suspicion that the juveniles might have a gun or guns, based on the concerned citizen's report, and reasonably subjected them to a limited search to protect his own safety. *See State v. Lovato*, 112 N.M. 517, 519, 522, 817 P.2d 251, 253, 256 (Ct.App.1991) (police justified in stopping vehicle for investigative detention when it was the only one in the area meeting the general description of the suspect vehicle); *State v. Watley*, 109 N.M. 619, 624, 788 P.2d 375, 380 (Ct.App. 1989) (police looking for a suspected rapist escaping on foot reasonably stopped the defendant's truck when the defendant was the only person observed in the area). *Cf. State v. Gutierrez*, 112 N.M. 774, 777, 819 P.2d 1332, 1335 (Ct.App.1991) (suspect attempting to flee is one factor justifying " 'no-knock' " entry), *aff'd*, 116 N.M. 431, 863 P.2d 1052 (1993).

4. Child argues that the scope of the search was impermissible in that the officer forced the youths to lie on the ground at gunpoint and handcuffed them before he searched them. The officer was not required under these circumstances to first question the juveniles to determine if they knew anything about the shots reported. He might have been shot asking the question. We hold that the scope of the search was reasonable. *See Lovato*, 112 N.M. at 524, 817 P.2d at 258.

## II. We are not persuaded that the New Mexico Constitution affords greater protection for investigative detentions than the United States Constitution.

5. Child urges that the search and seizure violated Article II, Section 10 of the New Mexico Constitution. We hold that Child preserved this issue under *State v. Gomez*, 122 N.M. 777, 784, 932 P.2d 1, 8 (1997), by asserting the legal principle where the facts are undisputed. However, Child has not carried his burden of persuasion.

6. Our Supreme Court has granted greater protection in some respects under Article II, Section 10 of the New Mexico Constitution than that afforded under the Fourth Amendment to the United States Constitution. *See, e.g., State v. Attaway*, 117 N.M. 141, 154, 870 P.2d 103, 116 (1994); *State v. Gutierrez*, 116 N.M. 431, 432, 863 P.2d 1052, 1053 (1993). But Child has not cited any New Mexico precedent suggesting greater protection in the area of investigative detention under the New Mexico Constitution. *See State v. Werner*, 117 N.M. 315, 317, 871 P.2d 971, 973 (1994) (utilizing federal cases to analyze an investigative detention). Child cites no authority and makes no arguments to explain why an investigative detention should be analyzed differently under the New Mexico Constitution. *See Gomez*, 122 N.M. at 784 n. 3, 932 P.2d at 8 n. 3 (citing cases listing possible factors to consider in making an argument under the New Mexico Constitution). Under these circumstances, Child has not persuaded us that the New Mexico Constitution affords greater protection during investigative detentions than the United States Constitution. Since we have already held that the search was reasonable,

we find no violation of either the New Mexico or the United States Constitution.

### III. The fruits of the search need not be suppressed.

7. Because the search was reasonable, we deny Child's request to suppress the fruits of the search. *Cf. Gutierrez,* 116 N.M. at 445, 863 P.2d at 1066 (The Court "effectuate[s] the constitutional right to be free from unreasonable search and seizure.... [by] deny[ing] the government the use of evidence obtained pursuant to an unlawful search.").

8. We affirm the trial court's denial of Child's motion to suppress.

9. **IT IS SO ORDERED.**

FLORES, J., concurs.

ARMIJO, J., (Specially Concurring).

ARMIJO, Judge (Specially Concurring).

10. I concur only in the result. I would affirm the trial court's denial of Child's motion to suppress on narrower grounds, namely: (1) there were specific articulable facts which gave rise to a reasonable suspicion that the youths might have a gun or guns that posed a threat to the officer's safety; (2) in light of this suspicion, it was reasonable for the officer to conduct an investigative stop and a limited search of Child's person for weapons; and (3) the intrusive nature of the stop (drawing a weapon, using handcuffs, and ordering suspects to lay on the ground) did not amount to a de facto arrest and was not otherwise unreasonable under the facts of this case. *See State v. Lovato,* 112 N.M. 517, 519, 522–24, 817 P.2d 251, 253, 256–58 (Ct.App.1991) (investigatory stop requires reasonable suspicion based on specific articulable facts; officers may use reasonable force to effectuate investigatory stop and make limited search for weapons where it is shown that officers have reason to fear for their safety).

11. With regard to these three narrower issues only, I agree with the majority that Child has not sustained his burden of showing why Article II, Section 10 of the New Mexico Constitution employs a different concept of "reasonable suspicion" or requires a greater threat to the officer's safety in order to justify protective measures such as frisking or handcuffing during the investigatory stop that the officer conducted in this case.